United States District Court
Southern District of Texas
**ENTERED**
May 15, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JOSEPH G.,[1] <br><br> *Plaintiff,* <br><br> v. <br><br> MARTIN O'MALLEY,[2] <br> Acting Commissioner of Social Security, <br><br> *Defendant*. | Case No. 4:23-cv-4516 |

## MEMORANDUM AND ORDER

Plaintiff seeks to recover attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A). Pl.'s Mot., ECF No. 14. Because the Court granted Defendant's motion to reverse and remand, ECF No. 11, reversed the Commissioner's decision to deny benefits, and remanded this case to the Commissioner for reconsideration, ECF No. 12, Plaintiff is the prevailing party. The Court finds that Plaintiff's counsel's request for fees is reasonable, and Defendant

---

[1] Pursuant to the May 1, 2018 "Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions" issued by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the Court uses only Plaintiff's first name and last initial.

[2] Martin O'Malley became the Commissioner of Social Security on December 20, 2023. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Martin O'Malley should be substituted for Kilolo Kijakazi as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

does not oppose the motion. ECF No. 15. Therefore, Plaintiff's motion should be granted.³

## I.     LEGAL STANDARD FOR THE EAJA

The EAJA permits the recovery of attorney's fees in proceedings for judicial review of an agency's action. 28 U.S.C. § 2412(d)(1)(A). The purpose is to "ensure adequate representation of those who need it and to minimize the costs of this representation to taxpayers." *Day v. Comm'r Soc. Sec. Admin.*, No. 6:16-CV-00210, 2017 WL 4417682, at *1 (E.D. Tex. Oct. 31, 2017); *see Murkeldove v. Astrue*, 635 F.3d 784, 793 (5th Cir. 2011) (purpose is to eliminate the financial disincentive for an average person to challenge unreasonable government actions).

In a civil action brought against the United States, the claimant is entitled to attorney's fees under the EAJA when the following elements are met: (1) the claimant is the prevailing party, (2) the claimant timely files a fee application, (3) the Court finds the position of the Government was not substantially justified, and (4) no special circumstances make the award unjust. *Reese v. Saul*, No. 4:19-CV-27872, 2021 WL 2188686, at *1 (S.D. Tex. Apr. 1, 2021) (citing 28 U.S.C. § 2412(d)(1)(A)-(B)).

The Court granted Defendant's request to reverse the Commissioner's

---

³ On March 22, 2024, based on the parties' consent, the case was transferred to this Court to conduct all proceedings pursuant to 28 U.S.C. § 636(c). Order, ECF No. 8.

decision denying benefits and remand this matter back to the Commissioner "to conduct further administrative proceedings." ECF No. 12 at 4. The claimant is a prevailing party when the district court remands a social security action under sentence four of 42 U.S.C. § 405(g).[4] *Shalala v. Shaefer*, 509 U.S. 292, 299-301 (1993); *Mathews v. Berryhill*, No. 4:18-CV-04795, 2020 WL 242487, at *1 (S.D. Tex. Jan. 16, 2020). Thus, Plaintiff is the prevailing party, he timely[5] filed his motion for attorney's fees, and the government's position was not substantially justified. No special circumstances make the award of fees unjust.

## II. ANALYSIS

Plaintiff's counsel seeks a fee award of $6,619.20. She submitted evidence supporting an hourly rate of $236.40 for 28 attorney hours worked in 2023 and 2024. ECF No. 14. Defendant filed a response, asserting that he does not object to the hours expended or the rate requested. ECF No. 15 at 1.

Nonetheless, the Court must determine whether the fee is reasonable,

---

[4] "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the case for a rehearing." 42 U.S.C. § 405(g).

[5] After the district court renders judgment, a party has 30 days from the time that the judgment becomes final to seek an EAJA award. The district court's judgment becomes final when it can no longer be appealed. 28 U.S.C. § 2412(d)(2)(G). In suits in which a federal officer is a party, the time for appeal does not end until 60 days after the entry of a Rule 58 judgment. *Freeman v. Shalala*, 2 F.3d 552, 554 (5th Cir. 1993). Thus, a party has 30 days after this 60-day time period to seek an EAJA award of fees. In this case, the Court issued a judgment on April 22, 2024, ECF No. 12, which will become final sixty days later, on June 21, 2024. Plaintiff filed his motion on April 29, 2023, and the Commissioner does not object. ECF Nos. 14, 15.

requiring an examination of the hours worked and the rate sought. *Matthews*, 2020 WL 242487, at *2 (citing *Chargois v. Barnhart*, 454 F. Supp.2d 631, 634 (E.D. Tex. 2006)). Typically, in Social Security cases, fee applications range from twenty to forty hours. *Id.*[6] Plaintiff's counsel claims 28 hours, which is within the typical range of hours for this type of case.

Counsel's hourly rate is higher than the statutory rate of $125,[7] requiring a finding that the increase in the cost of living or a special factor justifies a higher fee. *See* 28 U.S.C. § 2412(d)(2)(A)(ii). The court has wide discretion in calculating any increase in the hourly rate. *Matthews*, 2020 WL 242487, at *2.

Courts routinely use cost-of-living adjustment based on the Consumer Price Index ("CPI") report compiled by the United States Bureau of Labor Statistics. *E.g., Day*, 2017 WL 4922048, at *2; *Chargois*, 454 F.Supp.2d at 634 (collecting cases). Based on the region where services were performed, the court will use the average annual CPI for the year the last time the rate changed as a base rate, and then compare it to the average annual CPI for when the attorney provided the legal services.

---

[6] Courts award attorney's fees pursuant to the EAJA only for those hours incurred in the civil action, not the administrative proceedings. The EAJA provides that "a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action, brought by or against the United States in any court having jurisdiction of that action." 28 U.S.C. § 2412(d)(1)(A).

[7] The EAJA dictates that attorney's fees not to be awarded in excess of $125 per hour, unless the Court determines that an increase in the cost of living or a special factor justifies a higher fee. *See* 28 U.S.C. § 2412(d)(2)(A)(ii).

*Chargois*, 454 F.Supp.2d at 634; *accord Perales*, 950 F.2d at 1079 (instructing the court on remand to "segregate the attorneys' hours by year and apply the appropriate cost-of-living adjustment on an annual basis"). If the CPI increased from the time the hourly rate changed to the time the services were performed, "the court calculates the percentage difference and approves an excess hourly fee corresponding to the calculated percentage increase." *Chargois*, 454 F.Supp.2d at 634.

Here, Plaintiff's counsel is claiming fees for work performed in 2023 and 2024. The hourly rate last changed in 1996; at that time, the CPI for Houston-The Woodlands-Sugar Land, TX and was 142.7. The Court calculates the hourly rates for 2023 and 2024 as follows: [8]

- For 2023, the CPI for Houston-The Woodlands-Sugar Land, Texas is 267.607. The percentage difference between 1996 and 2022 is 187.53% (267.607/142.7). Therefore, the hourly rate for 2022 is $234.41/hour (187.53% x $125/hour).

- For 2024, there is no annual data available. Consequently, the Court will use the CPI for Houston-The Woodlands-Sugar Land, Texas for February 2024, which is 272.772. The percentage difference between 1996 and 2023 is 191.15% (272.772/142.7). Therefore, the hourly rate for 2023 is $238.94/hour (191.15% x $125/hour).

Using these calculated hourly rates, the Court determines the appropriate fee for Plaintiff's counsel based on the hours worked. In 2023, Plaintiff's attorney worked

---

[8] The Court obtained CPI numbers used to calculate Plaintiff's attorney's fees from this chart. *See* Consumer Price Index, All Urban Consumers (CPI-U), Houston-The Woodlands-Sugar Land, Tx, https://data.bls.gov/timeseries/CUURS37BSA0?amp%253bdata_tool=XGtable&output_view=data&include_graphs=true (last visited May 1, 2024).

5.7 hours; and at $234.41 per hour, her fee is $1,336.14. In 2024, she worked 22.3 hours; and at $238.94 per hour, her fee is $5,328.36. The sum of the 2023 and 2024 fees is $6,664.50.

Plaintiff came to a slightly lower calculation: $6,619.20. ECF No. 14. To promote uniformity in the division, the Court uses the rates as calculated. *Mesecher*, 2017 WL 4417682, at *2 ("Use of such data promotes fee rates that are uniform within a particular district court division." (internal citations omitted)); *accord Palo R. v. O'Malley*, No. 4:22-CV-01962, 2024 WL 1181492, at *3 (S.D. Tex. Mar. 1, 2024), *adopted*, No. 4:22-CV-01962, 2024 WL 1186720 (S.D. Tex. Mar. 18, 2024) (the Court determined the 2021 rate for Houston was $209.33, the 2022 rate for Houston was $226.58, and the 2023 rate for Houston was $234.41). The Court finds that a fee of $6,664.50 is reasonable for 28 hours worked. *Accord Thomas H. v. Kijakazi*, No. 4: 21-CV-4253, 2023 WL 5191950, at *3 (S.D. Tex. Aug. 10, 2023) (approving $5,830.61 in fees for 29.4 hours in attorney time); *see also Palo R.*, 2024 WL 1181492, at *3 (approving $8,158.59 in fees for 32.05 hours in attorney time).

### III.   CONCLUSION

The Court **ORDERS** that Plaintiff's motion for attorney's fees, ECF No. 14, is **GRANTED**; and Defendant is **ORDERED** to pay $6,664.50 in fees pursuant to the Equal Access to Justice Act, with the check made payable to Plaintiff, and mailed to: Kenna Garner, 4141 Southwest Freeway, Suite 400, Houston, Texas 77027.

**SIGNED** at Houston, Texas, on May 15, 2024.

_____
**Dena Hanovice Palermo**
**United States Magistrate Judge**